NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MINH KIM TRUONG,

 Plaintiff-Appellant,

 v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

 Defendant-Appellee.

No. 17-56332

D.C. No. 3:16-CV-02748-H-DHB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted April 8, 2019
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and KATZMANN,[**] Judge.

 Plaintiff-Appellant Minh Kim Truong ("Truong") applied for Title II

Disability Insurance Benefits, claiming disability due to fibromyalgia, neuropathy,

depression, and poor coordination. An Administrative Law Judge ("ALJ") denied

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The Honorable Gary S. Katzmann, Judge for the United States Court
of International Trade, sitting by designation.

her application, finding that Truong had the severe impairments of mood disorder and myositis only and that these conditions were not sufficient to render her disabled. The Appeals Council denied Truong's request for review, making the ALJ's decision the final decision for purposes of judicial review. The district court affirmed the ALJ's decision. Truong timely appeals, challenging the ALJ's holdings that (1) she did not have fibromyalgia; (2) her physicians' opinions were entitled to no weight; (3) Truong and her daughter were not credible; and (4) she was capable of working. We reverse the judgment of the district court and remand for further administrative proceedings with instructions to the ALJ to reconsider its determination consistent with our intervening decision in *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017).[1]

The Social Security Administration recognizes two methods for diagnosing fibromyalgia: the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia ("1990 Criteria") and the 2010 American College of Rheumatology Preliminary Diagnostic Criteria ("2010 Criteria"). Social Security Ruling ("SSR") 12-2P at 2, *available at* 77 Fed. Reg. 43,640 (July 25, 2012). Under the 1990 Criteria:

a person suffers from fibromyalgia if: (1) she has widespread joint pain

---

[1] *Revels* was issued several months after the district court ruling. As the dissent notes, "[a] sea-change occurred in 2012, when the SSA issued a ruling recognizing fibromyalgia as a valid 'basis for a finding of disability.'" *Revels*, 874 F.3d at 656. In *Revels*, this Court addressed the effects of this "sea-change" and held that failure to follow the dictates of the new ruling, Social Security Ruling 12-2P at 2, constituted reversible error.

that has lasted at least three months (although the pain may "fluctuate in intensity and may not always be present"); (2) she has tenderness in at least eleven of eighteen specified points on her body; and (3) there is evidence that other disorders are not accounting for the pain.

*Revels*, 874 F.3d at 656–57 (quoting SSR 12-2P at 2–3).

Under the 2010 Criteria:

a person suffers from fibromyalgia if: (1) she has widespread pain that has lasted at least three months (although the pain may "fluctuate in intensity and may not always be present"); (2) she has experienced repeated manifestation of six or more fibromyalgia symptoms, signs, or co-occurring conditions, "especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome"; and (3) there is evidence that other disorders are not accounting for the pain.

*Id.* at 657 (quoting SSR 12-2P at 3). Notably, "diagnosis of fibromyalgia does not rely on X-rays or MRIs." *Id.*

Here, the ALJ determined that Truong did not have fibromyalgia because the medical record did not clearly indicate that Truong's physicians had identified eleven out of eighteen tender points, as required by the 1990 Criteria. The ALJ did not consider the 2010 Criteria, which, as discussed above, do not require physicians to identify any trigger points to diagnose fibromyalgia. However, *Revels* makes clear that either set of criteria may support a diagnosis of fibromyalgia. *Id.* at 656–57, 662. Indeed, supportive of a diagnosis of fibromyalgia under the 2010 Criteria, Truong's medical record contains extensive documentation of co-occurring conditions, such as fatigue, non-restorative sleep, depression, and anxiety. The

3

ALJ's failure to consider the 2010 Criteria is therefore legal error warranting setting aside the denial of Social Security benefits. *See id.* at 654.

We also note that the ALJ improperly evaluated Truong's physicians' opinions and Truong's and her daughter's testimony in various ways. In his assessment of Truong's activities, the ALJ ignored Truong's reported limitations while citing the most physical activities discussed in the record, including some that Truong's fibromyalgia symptoms now prevent her from undertaking. The ALJ relied extensively upon Truong's normal test results to discount her physicians' opinions and her and her daughter's testimony. *See id.* at 656–57, 662–63 (holding that normal imaging test results, reflexes, gait, muscle strength, sensory functions, and range of motion are not necessarily inconsistent with fibromyalgia-induced disability). The ALJ elevated the opinion of a non-examining physician[2] over the opinions of Truong's treating and examining physicians without adequate explanation.[3] *See* 20 C.F.R. § 404.1527(c); *Revels*, 874 F.3d at 654. Additionally, the ALJ rejected Truong's physicians' opinions without considering many pertinent regulatory factors, such as the length of the treatment relationship and the

---

[2] The non-examining physician only considered the 1990 Criteria when providing his opinion about Truong's fibromyalgia diagnosis and disability.

[3] Although the ALJ stated that Truong's physicians' opinions were inconsistent with the overall medical record, he based that determination on inappropriate factors, as previously noted.

physicians' relevant medical specialties, prescribed by 20 C.F.R. § 404.1527(c). *See*

*Revels*, 874 F.3d at 654 (noting that "[a] doctor's specialty is especially relevant with

respect to diseases that are 'poorly understood' within the rest of the medical

community." (citing *Benecke v. Barnhart*, 379 F.3d 587, 594 n.4 (9th Cir. 2004)).

In sum, the foregoing ALJ actions were all error.

We therefore reverse the judgment of the district court with instructions to

remand to the ALJ for reconsideration consistent with this disposition.

**REVERSED AND REMANDED.**

*Truong v. Berryhill*, No. 17-56332

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent. Where "the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, the ALJ gave specific and legitimate reasons, supported by substantial evidence, to discredit the opinion of Truong's treating and examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Most critically, none of those physicians documented a sufficient basis for diagnosing fibromyalgia under either the 1990 or the 2010 Criteria, and "[w]e cannot rely upon the physician's diagnosis alone." Social Security Ruling ("SSR") 12-2P, 77 Fed. Reg. 43640-01 at 43641 (July 25, 2012). The ALJ also gave sufficient reasons for his findings that Truong "attempted to portray her pain as much more limiting than it actually is," and that her "statements concerning the intensity, persistence and limiting effects" of her symptoms were "not entirely credible," especially given her daily use of a treadmill and regular yoga and Tai Chi practice.

The majority remands for reconsideration consistent with what it calls our "intervening" decision in *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017), which it says "ma[de] clear that either [the 1990 or 2010] criteria may support a diagnosis

of fibromyalgia." But as we explained in *Revels*, any "sea-change" reflected in that decision "occurred in 2012," when the SSA issued SSR 12-2P setting forth both the 1990 and 2010 Criteria. *Id.* at 656-57. I am not persuaded that *Revels* provides sufficient basis for reconsideration, or that the ALJ's failure to consider the 2010 Criteria was legal error. Significantly, Truong failed to demonstrate to us either in briefing or at oral argument that she met the 2010 Criteria.

The ALJ's interpretation of the evidence "may not be the only reasonable one," but "it is still a reasonable interpretation and is supported by substantial evidence," so "it is not our role to second-guess it." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). I would affirm the decision denying benefits.